Argued September 10, appeal dismissed with direction
October 15, 1969

ROBERTSON ET AL, *Respondents, v.* GREEN,
*Appellant.*

459 P2d 871

*Richard A. Sly,* Deputy District Attorney, Portland, argued the cause for appellant. With him on the briefs was George Van Hoomissen, District Attorney.

*Neil Goldschmidt,* Legal Aid Service, Portland, argued the cause for respondents. With him on the brief was Mervyn H. Loya.

Before PERRY, Chief Justice, and McALLISTER,

Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

McALLISTER, J.

On March 5, 1968, petitioners each presented to the Director of the Department of Judicial Administration of Multnomah County for filing a complaint for divorce, but did not tender the filing fees of $40 required by statute for each complaint.[①] The Director refused to receive and file the complaints unless the required fees were paid.

The petitioners thereupon filed in the circuit court a petition for an alternative writ of mandamus alleging that because of poverty they were unable to pay the filing fees and that denying them access to the court because of poverty was a denial of their right to due process of law and equal protection of the laws guaranteed by the Constitution of the State of Oregon and the Constitution of the United States.

The court issued an alternative writ to which defendant demurred. After a hearing the court overruled the demurrer and issued a peremptory writ commanding defendant to accept and file petitioners' complaints for divorce without the payment of the filing fees. Defendant appealed on August 23, 1968, but the appeal was not argued in this court until September 10, 1969. In the meantime the legislature enacted the following statute:

> "A circuit court exercising jurisdiction over matters described in ORS chapter 107 upon application of a party thereto shall waive all filing fees, service fees and court costs applicable to the par-

[①] ORS 21.110; 21.112; 21.120; 21.130; 21.350.

ticular suit or proceeding if the court finds that the party is unable to pay such fees and costs. Nothing in this section shall prevent the court having jurisdiction over the case from ordering either party to pay such fees and costs. No filing fee shall be required for the application of waiver of such fees and costs." OL 1969, ch 288.

The matters described in ORS chapter 107 are suits for divorce, annulment, separation from bed and board and conciliation services.

It is thus apparent that when the case reached this court it was and is now moot. Each of the petitioners attached to the petition for writ of mandamus an affidavit stating that she was receiving welfare assistance and was wholly without funds to pay the fees required for filing her suit for divorce. The 1969 statute directs the court to waive the filing fees in a divorce suit "if the court finds that the party is unable to pay". We assume that each of the petitioners, if she is still indigent, will, upon a proper showing of such indigency, be permitted to file her suit for divorce without the payment of any fee. We are not called upon to decide therefore whether petitioners' constitutional rights would have been violated if the 1969 statute had not been enacted. This appeal is dismissed as moot and the trial court is directed to vacate its peremptory writ of mandamus.

Neither party shall recover costs in this court.